UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,
Plaintiff,

v.  No. 3:18-CV-01194

ADDITIONAL RIGHTS WITH RESPECT
TO A PREEXISTING EASEMENT AND
RIGHT-OF-WAY OVER LAND
IN MONTGOMERY COUNTY, TENNESSEE, and
JACK M. RUDOLPH,
HELEN O. YOUNG, his wife,
Defendants.

## JUDGMENT AND ORDER DISBURSING FUNDS

This action came on to be considered upon the Joint Motion for Entry of a Proposed Judgment and Order Disbursing Funds (Doc. 41). As set forth in the joint motion, the parties have agreed to resolve this action with the total amount of compensation to be awarded for the property taken being $148,000. The record for this case further shows that Plaintiff has deposited with the registry of this Court the total amount of $148,000, of which amount $9,475 has been disbursed to the Defendants by prior order of this Court (Docs. 21 & 22), leaving $138,525 on deposit with said registry, the disbursement of which is provided for herein.

It is, therefore, **ORDERED AND ADJUDGED** that:

1. Defendants shall recover of the Plaintiff $148,000 as full compensation for the taking of the land herein condemned, and Defendant Jack M. Rudolph shall receive all of the amount recovered as compensation.

2. The Clerk of this Court is authorized and directed to draw a check on the funds on deposit in the registry of this Court in the amount of $138,525, plus any accrued interest thereon less the applicable registry fee, payable, to "Jack M. Rudolph" in full satisfaction of this Judgment and Order Disbursing Funds (Judgment), and to mail said check to James W. Fisher, Jr., Esq., 3129 Hawthorn Drive, Clarksville, Tennessee 37043, in full satisfaction of this Judgment.

3. The vesting of title in the United States of America, free of all liens, claims, and encumbrances, as evidenced by the Amended Declaration of Taking filed herein on July 28, 2021 (Doc. 32), is hereby fully and finally confirmed with respect to the following-described property, said description being the same as in Attachment 1 to the Amended Declaration of Taking filed herein (Doc. 32-1):

> A permanent easement and right-of-way, consisting of the perpetual right to enter at any time and from time to time the present right-of-way and to erect, maintain, repair, rebuild, operate, and patrol lines of transmission line structures with wires and cables for electric power circuits and communication circuits, and all necessary appurtenances, including guy wires, in, on, over, and across said right-of-way, together with the perpetual right to clear said right-of-way and keep the same clear of structures (including but not limited to flagpoles, solar panels, buildings, signboards, billboards), trees, brush, stored personal property, and fire hazards, to destroy or otherwise dispose of such trees and brush; to prevent the drilling or sinking of wells within the right-of-way; and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said right-of-way which in falling could come within five feet of any transmission line structure or conductor located thereon, the Tennessee Valley Authority to remain liable for any direct physical damage to the land and annual growing crops resulting directly from the operations of the construction and maintenance forces of its agents and employees in the erection and maintenance of or in exercising a right of ingress and egress to said transmission line structures, all upon, under, over, and across the described land:
>
> TRACT NO. SPC-87A
>
> A parcel of land located within a portion of the existing right-of-way line of the Springfield-Clarksville Transmission Line located in the 11th Civil District of Montgomery County, Tennessee, as shown on the Survey of the Betty M. &

Jack M. Rudolph Property Described in DB. 1256 PG. 1149, 11th Civil District, Montgomery County, Tennessee, dated July 12, 2021, and further identified as Drawing LW-1814 sheet P2A, R.0, a reduced scale copy of which is attached to the Declaration of Taking filed herein, the said strip being 100 feet wide, lying 50 feet on each side of the centerline of the transmission line location and the end boundaries of the strip being more particularly described as follows:

PARCEL 1

Commencing at an iron rod (old) at the southeast corner of Lot 10 of CJS Farms as recorded in Plat Book "E," page 187; said iron rod also being in the west line of Rudolph as recorded in Deed Book 1256, page 1149; thence along the easterly Line of Lot 10, N. 07° 18' 51" E., 147.19 feet to a point and also being a point in the center of the transmission line location and being the Point of Beginning.

Thence leaving the Point of Beginning S. 85° 34' 24" E., 382.53 feet to a point in the westerly line of Miller as described in Deed Book V69, page 282, said point being located N. 07° 50' 26" E., 53.4 feet from an iron rod (new) and being a common corner of Miller and Rudolph. The herein described strip being bounded on the west end by the aforementioned Lot 10 and Lot 68 of Rudolphtown, Section 3 as recorded in Plat Book 12, page 153, Plat Number 153 and on the east end by the land of Miller; sidelines of the strip are lengthened and shortened to coincide with the adjoiners lines.

The above-described strip of land includes the centerline of the transmission line location for a net distance 382.53 feet and containing 0.87 acre, more or less.

PARCEL 2

Commencing at an iron rod (new) set at a fence post and being the common corner of Miller as described in Deed Book V69, page 282, and Rudolph as described in Deed Book 1256, page 1149; thence S. 05° 14' 38" W., 125.64 feet to a point in the Miller line and also being a point in the center of the transmission line location and being the Point of Beginning.

Thence leaving the Point of Beginning S. 80° 58' 28" W., 332.05 feet to a point of intersection; thence N. 85° 34' 24" W., 1,141.60 feet to a point in the Miller line, said point being located S. 86° 32' 58" W., 1,480.31 feet from the point of commencement. The herein described strip being bounded on the west and east ends by the lands of Miller, sidelines of the strip are lengthened and shortened to coincide with the adjoiners lines.

The above-described strip of land includes the centerline of the transmission line location for a net distance 1,473.65 feet and containing 3.38 acres, more or less.

The coordinates, distances and directions of lines are referred to the Tennessee Coordinate System, NAD83(2011) Horizontal Datum, NAVD88 (Geoid12A) Vertical Datum.

4. The Clerk of this Court shall furnish to Plaintiff a certified copy of this Judgment which shall serve as a muniment of title.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

We hereby approve and consent
to the entry of this Judgment:

*s/Sydney D. Nenni*
James S. Chase (TN BPR #020578)
Sydney D. Nenni (AL Bar 2808L16R)
Ibrahim M. Berro (TN BPR #036731)
TVA GENERAL COUNSEL'S OFFICE
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone    865.632.6533
Email    sschaefer0@tva.gov

107569686

*s/James W. Fisher, Jr. (by permission)*
James W. Fisher, Jr. (BPR 012412)
3129 Hawthorn Drive
Clarksville, Tennessee 37043
Telephone    615.568.4513
Email    jwf4law@aol.com

Attorney for Defendants